IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-13309(KJC) |
| RALPH A. PICARD, ) | Chapter 11 |
| ) | |
| Debtor. ) | Objection Deadline: 7/8/2014 |
| ) | Hearing Date: 7/15/2014 @ 2:00 p.m. |

## OBJECTION TO PROOFS OF CLAIM #4 AND #6 FILED BY STONEBRIDGE BANK

Ralph A. Picard, the Debtor and Debtor-in-Possession (the "Debtor"), by and through his undersigned counsel hereby filed this Objection to Proofs of Claim #4 and #6 filed by Stonebridge Bank ("Stonebridge") (the "Objection"), seeking to expunge Claim #4 as superseded by Proof of Claim #6, and to reduce and classify Claim #6 as unsecured. In support of this Objection the Debtor states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

3. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4. On December 26, 2013 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

5. On March 24, 2014, Stonebridge filed a proof of claim with this Court which was assigned Claim #4. It was filed in the total amount of $2,276,469.13, asserting 725, 000 was secured by real property pursuant to a note and recorded mortgage.

6. The amount of the secured portion of the claim was an agreed amount pursuant to the Agreement to Transfer Real Property, which was part of the *Motion for Order Authorizing the Transfer of Certain Real Property to Stonebridge Bank Pursuant To 11 U.S.C. § 363* [Docket No. 41] (the Transfer Motion"), which was approved by this Court on March 31, 2014 at Docket No. 55.

7. Subsequent to entering into the Agreement, Stonebridge obtained a contract to sell the real property which was subject of the Transfer Motion. The purchase price was $608,211.21.

8. On April 3, 2014, Stonebridge filed a second claim with the Court which was assigned Claim #6. Claim #6 filed in the total amount of $2,276,469.13, with $608,211.21 of the claim listed as secured. Claim #6 supersedes Claim #4.

9. Failure to disallow Claim #4 will result in Stonebridge receiving an unwarranted double recovery against the Debtor's estate, to the detriment of other creditors in this case. In addition, Stonebridge will suffer no prejudice by having Claim #4 disallowed.

10. Since Stonebridge will be paid $608,211.21 on account of the secured claim by the purchasers of the real property on which its claim is based, the Debtor requests that Claim #6

be reduced to $1,665,260.92 and allowed as an unsecured claim. Exhibit "A" and "B" attached hereto.

WHEREFORE the Debtor requests this Court enter the Order in the form attached hereto i) disallowing Claim #4; ii) reducing Claim #6 to $1,665,260.92 and reclassifying it as unsecured; and iii) grant such other relief as this Court deems fair and just.

PHILLIPS, GOLDMAN & SPENCE, P.A.

/s/ Stephen W. Spence
STEPHEN W. SPENCE, ESQUIRE (#2033)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
(302) 655-4210
*Counsel to Ralph A. Picard.*

Date:   June 5, 2014