# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-13309(KJC) |
| RALPH A. PICARD, ) | Chapter 11 |
| ) | |
| Debtor. ) | Objection Deadline: 7/8/2014 |
| ) | Hearing Date: 7/15/2014 @ 2:00 p.m. |

## OBJECTION TO PROOF OF CLAIM #7
## FILED BY D. STEPHEN PARSONS

Ralph A. Picard, the Debtor and Debtor-in-Possession (the "Debtor"), by and through his undersigned counsel hereby filed this Objection to Proof of Claim #7 by D. Stephen Parsons ("Parsons") (the "Objection"), seeking to expunge Claim #7. In support of this Objection the Debtor states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

3. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

### BACKGROUND

4. On December 26, 2013 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

5. On April 14, 2014, Parsons filed a proof of claim with this Court which was assigned Claim #7. It was filed as a secured claim in the total amount of $845,846.93. The claim stems from money purportedly due from the Debtor related to an investment venture where the Debtor and Parsons were involved as members of a Delaware limited liability company, formed in 2007 called Rantz Farm, L.L.C.

6. In September 2012, after disputes about what obligations if any, the Debtor owed to Parsons, Parson's representatives prepared and the parties signed a settlement document ("Agreement"). A copy of the Agreement is attached hereto as Exhibit "B" to this Objection. In Paragraph 13 of the Agreement, the parties agreed as follows: "This Agreement supersedes and make null and void any other agreement, verbal or written between the parties". Also in this Agreement Mr. Parsons requested and received a mortgage on the property known as 3 East Indian Street, Fenwick Island, DE (the "Real Property").

7. The first mortgage which encumbers the Real Property exceeds the value of the Real Property. This was true when the Parsons mortgage was recorded. The Court, entered an order at Docket No. 23, valuing the Real Property at $800,000. A mortgage lien is only secured when the value of the property is sufficient to create a lien for the mortgagor. The Real Property owned by the Debtor has insufficient value to secure the mortgage Parsons asserts. Therefore Parson's claim cannot be a secured claim.

8. Paragraph 7 of the same Agreement contains a general release of all other claims that could have been asserted by Parsons against the Debtor that arose before September 13, 2012.

9. The Parsons proof of claim does not provide any of the documentation or direct proof to show what amounts are properly Rantz Farm, LLC expenses that are therefore among

the debts to be covered by the Agreement. Further, the chart attached to the Claim appears to double count many claimed amounts and includes amounts from Mr. Parson's legal fees and consulting fees he incurred pursuing his claims against Mr. Picard that are not Rantz Farm, LLC expenses.

10. Moreover, Parson asserts in his claim that he is entitled to contributions from Mr. Picard for 50% of the amounts paid to County Bank and for amounts that Mr. Parsons has not yet paid to County Bank.

11. 11 U.S.C. §502 (e)(1) clearly states the following:

> Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—
> (A) such creditor's claim against the estate is disallowed;
>
> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or
>
> (C) such entity asserts a right of subrogation to the rights of such creditor under section 509 of this title.

11 U.S.C. §502 (e)(1).

12. The debt on which the County Bank portions of Parsons claim are based upon to several notes held by County Bank, for which the Debtor was either a co-borrower or a co-guarantor with Parsons. The debt to County Bank was listed as unsecured debt in the Debtor's Schedule F. The Claim of County Bank was listed as contingent and unliquidated. County Bank was notified of the Bar Date by which it had to file a proof of claim. It failed to do so. County Bank's claim has been disallowed.

13.  Therefore, any claim of Parsons related to the County Bank debt must be disallowed.

WHEREFORE the Debtor requests this Court enter the Order in the form attached hereto expunging Claim #7 in its entirety; and granting such other relief as this Court deems fair and just.

                              PHILLIPS, GOLDMAN & SPENCE, P.A.

                              */s/ Stephen W. Spence*
                              STEPHEN W. SPENCE, ESQUIRE (#2033)
                              1200 North Broom Street
                              Wilmington, DE 19806
                              (302) 655-4200
                              (302) 655-4210
                              *Counsel to Ralph A. Picard.*

Date:   June 9, 2014