## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| RALPH A. PICARD, | § | Case No. 13-13309 (KJC) |
| | § | |
| Debtor. | § | Reference Docket No. 48, 49, 68, 70, 81, |
| | § | 87, 88 & 89 |

### ORDER CONFIRMING RALPH A. PICARD'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED JUNE 16, 2014

On April 29, 2014, the Court entered the *Order (I) Approving Disclosure Statement in Connection with Debtor Ralph A. Picard's Chapter 11 Plan of Reorganization; (II) Establishing Objection Deadline for the Approval of Debtor Ralph A. Picard's Chapter 11 Plan of Reorganization Solicitation and Voting Procedures; (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Debtor Ralph A. Picard's Chapter 11 Plan of Reorganization; and (IV) Scheduling a Hearing on Confirmation of Debtor Ralph A. Picard's Chapter 11 Plan of Reorganization* [Docket No. 68], approving the Disclosure Statement in Connection with Ralph A. Picard's Chapter 11 Plan of Reorganization (the "Disclosure Statement") scheduling the voting period on the Chapter 11 Plan of Reorganization of Ralph A. Picard and scheduling the Confirmation hearing on the Plan.  On June 16, 2014, the Debtor filed his First Amended Chapter 11 Plan (the "Amended Plan") to document the settlement reached with JPMorgan Chase Bank, N.A. and to correct certain other technical matters and acknowledge the apparent transfer of the mortgage on the 4 E. Cannon Street Property.  After considering the evidence and argument presented by the Debtor and Debtor's counsel in support of the Plan, and having considered any objections thereto;

THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1.      This Court has jurisdiction in this matter as a core proceeding under the authority of 28 U.S.C. § 157(b)(1) and (2)(L) and 28 U.S.C. § 1334.

2.      The Court finds that the Amended Plan contains adequate information as required by 11 U.S.C. §1125 and that the solicitation of acceptances thereunder were appropriate.

3.      The Court finds that the Debtor has complied with the applicable provisions of Title 11. The Court finds that the Amended Plan complies with the applicable provisions of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §101 *et. seq.* (hereinafter cited as §101 et. seq.).

4.      The Amended Plan has been proposed by the Debtor in good faith and not by any means forbidden by law.

5.      The provisions of §1129(a)(4), §1129(a)(5), §1129(a)(6), 1129a)(13) and 1129 (a)(14) are not applicable to this Debtor's case.

6.      Pursuant to §1129(a)(7) with respect to each impaired class of claims, each holder of a claim in such class has either accepted the Amended Plan or will receive or retain under the Amended Plan on account of such claim, property, of a value, as of the Effective Date of the Amended Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 of this Title on such date.

7.      Impaired Classes 1, 3 and 4 have accepted the Plan. Impaired Class 2 did not vote. Therefore, the Debtor has complied with §1129(a)(10).

8.      The Amended Plan complies with the provisions of §1129(a)(9) with respect to creditors holding claims, if any, under §507(a)(1) - (a)(8).

9.      The Amended Plan and the evidence in support of the Amended Plan satisfies the requirements of 11 U.S.C. §1129 (a)(11). Confirmation of the Amended Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

10.     The requirements of 11 U.S.C. §1129 (a)(8) are not met due to the sole holder of a clam in Class 2 having not voted on the Amended Plan.

11.     The Debtor has requested that the Court confirm the Amended Plan under 11 U.S.C. §1129 (b) notwithstanding the failure of Class 2 to vote on the Plan, as amended.

12.     The Court finds that the Amended Plan does not discriminate unfairly, and is fair and equitable with respect to the Debtor's proposed treatment of TH Mortgage Opportunity Corp.'s Class 2 secured claim.

13.     Specifically, the plan is fair and equitable to the creditor in Class 2 because with respect to its alleged secured claim,

        (i)     the Creditor retains its liens securing its alleged claim to the extent of the allowed amount of such claim; and

        (ii)    the Creditor will receive on account of such claim, deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of the Creditor's interest in the estate's interest in the Debtor's property.

14.     The Debtor shall be responsible for the payment of all fees payable under 28 U.S.C. §1930 until the entry of a final decree as required by §1129(a)(12).

15.     The modifications included in the Amended Plan have either been agreed to by the affected creditor, or are technical in nature and do not require new disclosure or resolicitation.

16.     Pursuant to §1141(a), the provisions of the Plan as confirmed, bind the Debtor, and all Creditors of the Debtor, whether or not said parties have accepted the Plan.  Except as provided in the Plan, this order vests all property of the estate in the Debtor and releases said property from the pre-petition liens, judgments or claims of all creditors.

17.     As of the Effective Date, all pre-petition executory contracts and pre-petition unexpired leases of the Debtor not previously rejected, are deemed assumed, except as otherwise provided in the Plan.

18.     After the entry of this Order, upon the Effective Date of the Plan, all Creditors of the Debtor are hereby restrained and enjoined from taking any action to enforce any Claims against the Debtor, except as expressly provided in the Plan. The Debtor shall be discharged as and when provided for in Section 9.5 of the Plan.

19.     All objections to the Amended Plan have been withdrawn. The Debtor's Plan is hereby confirmed. The Debtor shall give notice of the entry of this Order and of the Effective Date of the Plan within 10 days after the Effective Date as defined in the Plan. The Court shall retain jurisdiction over the Debtor and the property of the estate as provided in the Plan.

IT IS SO ORDERED this _____ day of June 2014.


_____
THE HONORABLE KEVIN J. CAREY

4