IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-13309(KJC) |
| RALPH A. PICARD, ) | Chapter 11 |
| ) | |
| Reorganized Debtor. ) | Objection Deadline: 8/13/2014 |
| ) | Hearing Date: 8/20/2014 @ 2:00 p.m. |

**OBJECTION TO PROOF OF CLAIM #9
FILED BY TH MORTGAGE OPPORTUNITY CORP.**

Ralph A. Picard, the Reorganized Debtor (the "Debtor"), by and through his undersigned counsel hereby filed this Objection to Proof of Claim #9 by TH Mortgage Opportunity Corp ("TH Mortgage") (the "Objection"), seeking to expunge Claim #9 in its entirety. In support of this Objection the Debtor states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of the case and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

3. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final judgment or order with respect to the Objection if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.  On December 26, 2013 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

5.  On June 19, 2014, the Court entered the *Order Confirming Ralph A. Picard's First Amended Chapter 11 Plan of Reorganization* [Docket No. 95]. The Plan became effective on July 3, 2014.

6.  On April 15, 2014, TH Mortgage filed a proof of claim with this Court which was assigned Claim #9. It was filed as a secured claim in the total amount of $1,454,152.

7.  TH Mortgage asserts its claim is secured by a mortgage it holds on 4 East Cannon Street, Fenwick Island, DE 19944 (Sussex County Tax Parcel # 134-23-16-252-00) (the "Real Property") which the Debtor owns.

8.  Pursuant to the *Order Granting Motion to Value Collateral and Modify Rights of Secured Creditor Pursuant to 11 U.S.C. § 506(A) for the Real Property Located at 4 East Cannon Street Fenwick Island, Delaware 19944* [Docket No. 24] (the Valuation Order"), entered on January 27, 2014, and the confirmed Plan, the Real Property has a value of $800,000.

9.  Attached hereto as Exhibit "B", are portions of the title search and two bring down searches purchased by the Debtor's counsel. The title search shows that the original mortgage (the "Mortgage"), recorded on March 18, 2007 in Mortgage Record 9461, Page 88, was in favor of Mortgage Electronic Registration System, Inc., ("MERS"). The title search shows the Mortgage was assigned from MERS to Branch Bank and Trust Company ("BB&T") on December 15, 2009.

10. Further, the title search shows BB&T file a foreclosure action against the Debtor on March 4, 2010 and obtained a judgment in April 29, 2010 in the amount of $1,436,918.18.

11. Claim #9 was filed on behalf of TH Mortgage. There is no documentation attached to the claim showing that TH Mortgage holds the underlying note and mortgage and is entitled to receive payments under the Debtor's Plan of Reorganization.

12. The history of title of the Mortgage is cloudy and confusing at best. On July 21, 2010, less than 60 days after the foreclosure judgment was entered, the Debtor received a letter stating the Mortgage has been "assigned, sold or transferred to Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley"), effective June 25, 2010". Accompanying the letter was correspondence directing the Debtor to make all payments to Saxon Mortgage Services, Inc. (Saxon") as loan servicer. See Exhibit "C", attached hereto.

13. The Debtor then received correspondence, dated January 4, 2011, stating that servicing of the mortgage loan was to be transferred from Saxon to Specialized Loan Services, LLC ("SLS"). A copy of the letter is attached hereto as Exhibit "D".

14. In response to an inquiry made by the Debtor, he received a letter, dated June 22, 2012, from SLS stating the loan "was originated by Branch Banking and Trust Company, and was subsequently sold and placed in a security for which for which SLS acts as the servicer". It further states the current holder of the loan is Morgan Stanley. A copy of the correspondence is attached hereto as Exhibit "E".

15. The Debtor then received a letter from SLS, dated March 29, 2013, a copy of which is attached hereto as Exhibit "F", informing him that the loan servicing had been transferred from SLS to Select Portfolio Servicing Inc. ("SPS"). He then received another letter,

dated April 9, 2013, wherein SPS informed him of where payments should be sent. A copy of that correspondence is attached as Exhibit "G".

16. A letter, dated June 12, 2013, sent by SPS in response to another inquiry by the Debtor, informed him that TH Mortgage owned the loan. A copy of the letter is attached hereto as Exhibit "H". Despite Mr. Picard's request, no proof of the ownership transfer was provided.

17. Claim #9, filed on April 15, 2014 states payments are to be made to SPS. Yet, on March 24, 2014, SPS send a notice to the Debtor stating that effective April 15, 2014, Fay Servicing, LLC ("Fay") was the new servicer of the mortgage. See Exhibit "I" attached hereto. Subsequently, the Debtor received a package from Fay, dated April 22, 2014, attached hereto as Exhibit "J. It clearly states Fay is "collecting the debt on behalf of: Citibank, N.A. as beneficial owner for CMLTI Asset Trust".

18. Despite repeated requests made to TH Mortgage's counsel and Fay's Bankruptcy Account Manager, no verification has been provided showing who holds the note and mortgage.

19. The Debtor cannot pay a creditor simply because that creditor asserts he owns the claim. The creditor must provide proof of ownership. Nothing in Claim #9 provides proof of ownership for the entity named in the claim.

20. Pursuant to Bankruptcy Rule 3001(d), until and unless TH Mortgage can provide proof of its ownership of the loan which is the subject of Claim #9, the claim must be expunged.

21. In any event, should a creditor provide proof of ownership of the mortgage, pursuant to the Valuation Order and the Confirmed Plan, a portion of the claim must be re-classified as an unsecured claim.

22. The owner of Claim #9 cannot have a secured claim for more than the value of the Real Property as set forth in the Confirmed Plan. Therefore it is only entitled to a secured claim

in the amount of $800,000. The remainder of the claim in the amount of $654,152.68 must be reclassified as an unsecured claim.

WHEREFORE the Debtor requests this Court enter the Order in the form attached hereto expunging Claim #9 in its entirety; or in the event a creditor can establish ownership of the loan, to reclassify the claim allowing $800,000 as a secured claim and $654,152.68 as an unsecured claim, to be paid in accordance with the confirmed Plan; and granting such other relief as this Court deems fair and just.

                PHILLIPS, GOLDMAN & SPENCE, P.A.

                _/s/ Stephen W. Spence_
                STEPHEN W. SPENCE, ESQUIRE (#2033)
                1200 North Broom Street
                Wilmington, DE 19806
                (302) 655-4200
                (302) 655-4210
                _Counsel to Ralph A. Picard._

Date:   July 14, 2014